STATE of Wisconsin, Plaintiff-Appellant,

v.

YELLOW FREIGHT SYSTEM, INC., Defendant-Respondent.†

Court of Appeals

*No. 79-800-CR. Argued February 19, 1980.—Decided April 9, 1980.*
(Also reported in 292 N.W.2d 361.)

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant, there was a brief submitted by *Katherine A. Lingle,* assistant district attorney of Kenosha; *Bronson C. La Follette,* attorney general, and *Albert Harriman,* assistant attorney general, both of counsel. Oral argument was presented by *Albert Harriman.*

For the defendant-respondent, there was a brief submitted by *John P. Varda* and *Michael S. Varda* of *De-Witt, McAndrews & Sundby* of Madison. Oral argument was presented by *John P. Varda.*

Before Voss, P.J., Brown and Bode, J.J.

VOSS, P.J.   Plaintiff appeals from a trial court decision which found that defendant Yellow Freight System, Inc., a common carrier authorized to operate in interstate commerce, had met the requirements under the International Registration Plan (IRP) for its Illinois and Missouri based vehicles. The trial court held that apportionable fees pursuant to the International Registration Plan would include permit fees; therefore, the defendant does not have to pay permit fees to Wisconsin. We reverse the trial court judgment.

Defendant Yellow Freight is a common carrier in interstate commerce operating through Wisconsin. Defendant has registered vehicles in Illinois and Missouri

pursuant to the International Registration Plan, and defendant has paid identification stamp fees (permit fees) in the states in which the vehicles are registered. Plaintiff contends the IRP does not exempt the defendant from the payment of permit fees in Wisconsin.

On appeal, this court addresses the following issues: (1) whether the Wisconsin Statutes require a permit fee only when the vehicle is actually registered in Wisconsin, and (2) whether a permit fee is now a part of the apportionable fees under the International Registration Plan.

## EFFECT OF WISCONSIN STATUTES

The defendant's vehicles were registered either in Missouri or Illinois; this registration was accomplished pursuant to the provisions of the IRP, authorized by sec. 341.405(1), Stats.[1] Section 194.04(2), Stats., provides that no permit shall be issued for any motor vehicle unless the registration required by Chapter 341, Stats., is paid in this state. Defendant maintains that no registration is paid in Wisconsin; therefore, no permit fee is required by virtue of sec. 194.04(2), Stats. We do not agree.

In 24 Op. Att'y. Gen. 743 (1935), the inquiry was whether the Public Service Commission is empowered to issue permits to nonresident private motor carriers for vehicles which were not registered with the Secretary of State but were registered in states with which the Seccretary of State had entered into reciprocal agreements

---

[1] Section 341.405, Stats., reads as follows:

(1) The secretary of transportation, with approval of the governor, shall ratify and do all things necessary to effectuate the international registration plan adopted by the American association of motor vehicle administrators, with such exceptions as are deemed advisable and such changes as are necessary.

under sec. 85.05, Stats. The opinion stated that at first glance, sec. 194.04(2), Stats., would require a negative answer. However, the opinion continued to state the following:

However, sec. 85.01 does not necessarily require a nonresident private motor carrier to register in this state, since exceptions to registration requirements are provided under sec. 85.05, Stats., and, if the motor vehicle in question does not need to be registered in Wisconsin, then there would be no point in insisting upon such registration as a requirement preliminary to issuance of a permit.

In other words, the language in sec. 194.04, subsec. (2), limiting the issuance of permits for motor vehicles to cases where the "registration *required by sec. 85.01* shall be paid in this state" must be read with the exceptions to the "requirements of sec. 85.01" in mind. 24 Op. Att'y. Gen. at 744.

Chapter 85, Stats., was the predecessor of much of Chapter 341, Stats. This court believes the language in sec. 194.04(2), Stats., limiting the issuance of permits to cases where the registration shall be paid in Wisconsin, must be read with the exceptions to the requirements of Chapter 341, Stats., in mind. Section 341.405, Stats., provides for the effectuation of the IRP, which specifically allows registration to be paid in other states. Keeping in mind this exception to the usual registration requirements of Chapter 341, Stats., this court does not believe the language in sec. 194.04(2), Stats., necessitates the conclusion that no permit fee is required unless the registration is actually paid in Wisconsin.

## PERMIT FEES AS APPORTIONABLE FEES

The plaintiff contends reciprocity is granted only to apportionable fees, and apportionable fees are those re-

quired for licensing or registration. According to the plaintiff, permit fees are not required for licensing or registration so the IRP does not include the apportionment of permit fees. Thus, an exemption from the payment of permit fees should not be granted.

The International Registration Plan, art. I, §E, states that the purpose of the agreement is "to grant reciprocity to proportionally registered fleets of vehicles."[2] Reciprocity means that an apportionable vehicle properly registered shall be exempt from further registration by any other member jurisdiction.[3] Under the IRP, each member state receives a share of the apportionable fees based upon vehicle miles traveled in the state.

An apportionable fee is defined as "any periodic recurring fee required for licensing or registering vehicles, such as, but not limited to, registration fees, license or weight fees."[4] As art. III, §B indicates, the agreement

[2] The IRP, art. I, reads in full as follows:

A. This reciprocal agreement shall be referred to, cited and known as the International Registration Plan.

B. It is the purpose of this agreement to promote and encourage the fullest possible use of the highway system by authorizing the proportional registration of fleets of vehicles, and the recognition of vehicles proportionately registered in other jurisdictions, thus contributing to the economic and social development and growth of the jurisdictions.

C. It is the purpose of this agreement to implement the concept of one registration plate for one vehicle.

D. It is the purpose of this agreement to grant exemptions from payment of certain fees when such grants are reciprocal.

E. It is the purpose of this agreement to grant reciprocity to proportionally registered fleets of vehicles, and to provide for the continuance of reciprocity granted to those vehicles that are not eligible for proportional registration under the terms of this agreement.

[3] IRP, art. II, §K.

[4] IRP, art. III, §A.

concerns only apportionable fees.[5] This part of the agreement indicates that all other fees shall be paid to each jurisdiction in accordance with the laws in that jurisdiction. The plaintiff contends the permit fee is not an apportionable fee.

The apportionable fee definition does not specifically mention permit fees. However, the definition specifies that an apportionable fee is one *required for licensing or registration*. The trial court found the permit fees would qualify as apportionable fees. We disagree.

The construction by the trial court of the IRP and the Wisconsin Statutes are questions of law. This court is not bound by the trial court's interpretation, and the construction may be redetermined independently on appeal. *See Wisconsin Bingo Supply and Equipment Co. v. Wisconsin Bingo Control Bd.*, 88 Wis.2d 293, 308, 276 N.W.2d 716, 723 (1979); *Milwaukee Federation of Teachers, Local 252 v. WERC*, 83 Wis.2d 588, 598, 266 N.W.2d 314, 318–19 (1978); *Pleasure Time, Inc. v. Kuss*, 78 Wis.2d 373, 379, 254 N.W.2d 463, 467 (1977).

Section 341.04, Stats., provides that it is unlawful to operate upon the highway a vehicle for which a registration fee is prescribed unless the vehicle is registered, an application for registration has been delivered or mailed, or the vehicle is exempt from registration. In general, the registration requirements found in Chapter 341, Stats., were enacted for two purposes: (1) to raise revenue, and (2) to aid law enforcement by furnishing means of identifying a vehicle and its owner in case of

---

[5] Article III, §B, reads as follows:

This agreement does not waive any fees or taxes charged or levied by any jurisdiction in connection with the ownership or operations of vehicles other than the apportionable fees as defined herein. All other fees and taxes shall be paid to each jurisdiction in accordance with the laws thereof.

loss, theft or other violation of the law. *See Commercial Credit Corp. v. Schneider*, 265 Wis. 264, 267, 61 N.W.2d 499, 501 (1953). On the other hand, the paramount goal sought to be attained by the regulation of motor carriers through Chapter 194, Stats., is that of providing adequate motor transportation service to meet the public needs. *See Motor Transport Co. v. Public Service Comm.*, 263 Wis. 31, 38, 56 N.W.2d 548, 551 (1953). Chapter 194, Stats., was designed to prevent imprudent, wasteful and unnecessary duplication of service. *Motor Transport Co., supra,* at 42, 56 N.W.2d at 553. Fees provided in Chapter 194, Stats., and collected against operations in interstate commerce are assessed as partial compensation for the use of the highways and policing of the same. Sec. 194.03(2), Stats. The legislative intent in enacting Chapter 194, Stats., is further expressed in sec. 194.02, Stats.:

It is hereby declared to be the purpose and policy of the legislature in enacting chapter 194 to confer upon the commission and department the power, authority and duty to supervise and regulate the transportation of persons and property by motor vehicles upon or over the public highways of this state in all matters, whether specifically mentioned herein or not, so as to protect the safety and welfare of the traveling and shipping public in their use of the highways; to relieve the existing and all future undue burdens on the highways arising by reason of the use of the highways by motor vehicles; to carefully preserve, foster and regulate transportation to the end of developing and preserving each separate type of the transportation system by highway and rail adequate to meet public needs.

Although the two chapters are obviously related, Chapter 341, Stats., Registration of Vehicles, is concerned with raising revenue and assisting law enforcement. This chapter establishes the requirements for registration. Chapter 194, Stats., Motor Vehicle Transportation Act, is

designed to regulate transportation, to protect the safety and welfare of the public, to relieve burdens on the highways, and to prevent wasteful and unnecessary duplication of service.

Considering the purposes and functions of the two chapters, this court now specifically examines permit fees. Permit fees are assessed pursuant to the provisions of Chapter 194, Stats. Section 194.23(1), Stats., provides that "[n]o person shall operate any motor vehicle as a common motor carrier . . . except by virtue of a permit issued to him for the operation of such vehicle." Permits are issued to identify vehicles operated by carriers to indicate that such carriers are authorized to operate within the state; the fees are used to defray the cost of motor carrier regulation. *See* 63 Op. Att'y. Gen. 206 (1974).

As mentioned previously, the IRP is concerned with apportionable fees, and apportionable fees are those "required for licensing or registering vehicles." This registration of vehicles serves to raise revenue and to assist law enforcement. The concept of one registration plate for one vehicle and the proportional registration of fleets of vehicles, pursuant to the IRP, does not defeat the functions of registration. In fact, the IRP is designed to contribute to the economic and social development and growth of the member jurisdictions.[6]

A permit fee is not required for registering vehicles. The permit fee is a subsequent and additional assessment; it assists the regulation and supervision of transportation. The permit fees do not serve a general revenue raising function but rather the fees defray the cost of motor carrier regulation. The registration of a vehicle means that the vehicle is authorized to operate upon

---

[6] *See* note 2, *supra.*

the highways of Wisconsin. A vehicle is properly registered without the payment of a permit fee. Registration does furnish means of identifying a vehicle and its owner; however, this identification is relevant to cases of loss, theft or other violations of the law. A permit enables authorities to identify whether the vehicle is *authorized* to operate within the state.

This court believes the permit fees are not apportionable fees because the permit fee is not required for licensing or registering a vehicle. Thus, the permit fee is not waived by the IRP. Therefore, defendant Yellow Freight System, Inc. is not exempted from the payment of a permit fee to the state of Wisconsin.

*By the Court.*—Judgment reversed.