Wayne M. BEARNS, Plaintiff-Respondent,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Defendant,

OSCAR MAYER & CO., INC., Defendant-Appellant.†

Court of Appeals

*No. 79–736. Submitted on briefs May 2, 1980.*
*—Decided June 24, 1980.*
(Also reported in 295 N.W.2d 765.)

---

† Petition to review granted. BEILFUSS, C.J., took no part.

For the defendant-appellant the cause was submitted on the briefs of *Boardman, Suhr, Curry & Field* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Steven C. Helland* and *Croak Law Offices* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

PER CURIAM. This is a worker's compensation case under ch. 102, Stats. The respondent in the proceeding below, Oscar Mayer and Co., Inc., filed a timely notice of appeal from the judgment of the circuit court entered April 18, 1979, reversing the order of the Labor and Industry Review Commission dated June 1, 1978, and remanding the matter to the department for further testimony and for additional findings. The parties were ordered to file memorandum briefs on the question of whether the appeal should be dismissed as an appeal from a nonappealable order in light of sec. 227.21, Stats., the applicable sections of ch. 102, Stats., sec. 808.03(1), Stats., and the case of *Van Domelon v. Industrial Comm.*, 212 Wis. 22, 249 N.W. 60 (1933).

We conclude that the appeal is from a nonfinal decision of the circuit court, which is not appealable as of

right under sec. 102.25 (1), Stats., and that it therefore must be dismissed.

Section 227.21, Stats., provides:

Any party, including the agency, may secure a review of the final judgment of the circuit court by appeal to the court of appeals. Such appeal shall be taken in the manner provided by law for appeals from the circuit court in other civil cases, except that the time for appeal shall be limited to 30 days from the notice of entry of the judgment.

Appeals to this court involving ch. 102 proceedings are governed by sec. 102.25 (1), Stats., which provides in relevant part:

Any party, aggrieved by a judgment entered upon the review of any order or award may appeal therefrom within 30 days from the date of service by either party upon the other of notice of entry of judgment.

Section 808.03 (1), Stats., provides:

A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06 (1) (b) or 807.11 (2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding.

Section 227.21, Stats., is inapplicable because sec. 227.-22 (2), provides that "only the provisions of ss. 227.01 to 227.21 relative to rules are applicable to matters arising out of . . . ch. 102." The issues raised in this case do not involve rules promulgated under ch. 227.[1] The issue is whether an order or judgment of the circuit court in a ch. 102 proceeding reversing and remanding for further testimony is appealable as of right.

[1] *Compare Seymour v. Industrial Comm.*, 25 Wis.2d 482, 486–87, 131 N.W.2d 323 (1964).

The intent of the new Rules of Appellate Procedure is to allow appeals only from final orders and judgments and to discourage interlocutory appeals.[2] Under new sec. 808.03(1), Stats., appeals as of right can only be taken from orders or judgments which dispose of the entire matter in litigation as to one or more of the parties. Appeals from interlocutory rulings and decisions of the circuit court are allowable only by the permission of the court of appeals pursuant to sec. 808.03(2).

■

Although it is arguable that a judgment of the circuit court in a ch. 102 proceeding reversing and remanding for further proceedings is appealable as of right pursuant to sec. 102.25(1), Stats., we must construe sec. 102.25(1) in light of the new statutory policy of discouraging interlocutory appeals evidenced by the enactment of sec.

---

[2] "The purpose is to avoid unnecessary interruptions and delay in the trial court and to reduce the burden on the appellate courts." Martineau and Malmgren, *Wisconsin Appellate Practice*, sec. 401 at 20 (1978), citing Judicial Council Committee's note to sec. 808.-03(2), Stats:

Subsection (2) replaces former s. 817.33. That section contained a list of nonfinal orders which could be appealed to the Supreme Court as a matter of right. The recommendation of the National Center for State Courts is that "interlocutory trial court determinations should be reviewable only at the discretion of the . . ." appellate court. The purpose of the recommendation is to avoid unnecessary interruptions and delay in trial court proceedings caused by multiple appeals and to reduce the burden on the court of appeals of dealing with unnecessary appeals. Subsection (2) is intended to provide standards for determining when permission to appeal an intermediate judgment or order should be granted. It is based upon s. 3.12 of the tentative draft of Standards Relating to Appellate Courts of the American Bar Association Commission on Standards of Judicial Administration (1976). The procedure for appeal from a judgment or order not appealable as a matter of right is provided in s. 809.50. Wis. Stat. Ann., sec. 808.03(2) (Supp. 1979–80).

808.03, Stats. The judgment in the instant case is not final because the matter is remanded to the department solely for the purpose of taking testimony on certain issues and the making of additional findings.[3]

Our ruling conforms with previous decisions of the Wisconsin Supreme Court and this court. In *Milwaukee v. Cohen*, 57 Wis.2d 38, 45, 203 N.W.2d 633 (1973), the Wisconsin Supreme Court held that an order of the circuit court reversing a judgment of the county court and remanding for a new trial was not final. This court held in *Earl v. Marcus*, 92 Wis.2d 13, 14–16, 284 N.W.2d 690 (Ct. App. 1979), that an order of the trial court under sec. 805.15(6), Stats., ordering a new trial on the issue of damages, was not final and appealable as of right even though the statute provided that such an order "shall be deemed final for purposes of appeal on the last day of the option period" if the option is not accepted.

Recent decisions of the Wisconsin Supreme Court indicate that it will allow appeals to the court of appeals as of right· only from final determinations.[4] For these reasons we conclude that the judgment of the trial court was not final and that the appeal must be dismissed.

*By the Court.*—Appeal dismissed.

PER CURIAM (Reconsideration on the court's own motion). The department requests this court to recon-

---

[3] We deem it immaterial that the decision reversing and remanding the matter to the department was denominated a "judgment". The court will look through the form to the substance of the decisions. *State v. Donohue*, 11 Wis.2d 517, 520–22, 105 N.W.2d 844 (1960); *Thomas VanDyken Joint Venture v. VanDyken*, 90 Wis.2d 236, 241, 279 N.W.2d 459 (1979).

[4] *Compare State v. Jenich*, 94 Wis.2d 74, 288 N.W.2d 114 (1980), *reconsidered* 94 Wis.2d 97a, 292 N.W.2d 348 (1980); *State ex rel. A. E. v. Green Lake County Cir. Ct.*, 94 Wis.2d 98, 288 N.W.2d 125 *reconsidered*, 94 Wis.2d 105a, 292 N.W.2d 114 (1980); and *State v. Rabe*, 96 Wis.2d 48, 291 N.W.2d 809 (1980).

sider on its own motion, pursuant to Rule 809.24, Stats., our prior opinion in this case issued June 24, 1980. That opinion dismissed the appeal on the ground that it was an appeal from a nonfinal order not appealable as of right. The other parties to the appeal join in the request for reconsideration. We reconsider but affirm our prior opinion.

The prior opinion held that an order or judgment of the circuit court in a ch. 102, Stats., proceeding reversing and remanding to the department for further proceedings was not appealable as of right under sec. 102.25(1). This decision was based upon the intent of the new appellate procedure which discourages interlocutory appeals. *See State v. Jenich*, 94 Wis.2d 74, 80, 288 N.W.2d 114 (1980), *modified on reconsideration*, 94 Wis.2d 97a, 292 N.W.2d 348 (1980) ; *State ex rel. A. E. v. Green Lake County Cir. Ct.*, 94 Wis.2d 98, 101, 288 N.W.2d 125 (1980), *modified on reconsideration*, 94 Wis.2d 105a, 292 N.W.2d 114 (1980) ; and *State v. Rabe*, 96 Wis.2d 48, 58–59, 291 N.W. 2d 809 (1980). The judgment in the instant case was not final because it did not dispose of the entire matter in litigation between the parties. In light of the recent Wisconsin Supreme Court decisions on that subject, we affirm the result of our prior decision.

The original decision stated, that, "After an additional hearing, the matter would be returned to the circuit court for a final determination without the initiation of a new petition for review." We conclude that language is erroneous and order it deleted. Although the trial court remanded the matter to the department for limited purposes, a new petition to the circuit court will be necessary for review of the new findings and order of the department.

*By the Court.*—On reconsideration, prior decision affirmed.