Wayne M. BEARNS, Plaintiff-Respondent,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS,
Defendant,

OSCAR MAYER & COMPANY, INC., Defendant-Appellant-
Petitioner. [Case No. 79–736.]

Supreme Court

*No. 79–736. Argued April 27, 1981.—Decided June 2, 1981.*

(Also reported in 306 N.W.2d 22.)

WISCONSIN PUBLIC SERVICE CORPORATION, Petitioner-
Respondent,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Appellant-
Petitioner. [Case No. 79–1929.]

Supreme Court

*No. 79–1929. Submitted on briefs May 1, 1981.—
Decided June 2, 1981.*

(Also reported in 306 N.W.2d 22.)

For the appellant-petitioner there was a brief (in this court) by *Boardman, Suhr, Curry & Field* and oral argument by *Kenneth T. McCormick, Jr.,* all of Madison. [Case No. 79–736.]

For the defendant the cause was argued by *Stephen M. Sobota,* assistant attorney general. [Case No. 79–736.]

For the respondent there was a brief (in court of appeals) by *Steven C. Helland* and *Croak Law Offices* of Madison, and oral argument by *Mr. Helland.* [Case No. 79–736.]

For the appellant-petitioner the cause was submitted on a brief (in this court) by *Bronson C. La Follette,* attorney general, *Steven M. Schur,* chief counsel, and *Barry M. Levenson,* assistant chief counsel, public service commission. [Case No. 79–1929.]

There were joint briefs (in court of appeals) by *Steven E. Keane* and *Foley & Lardner* of Milwaukee, for Wisconsin Public Service Corporation and Wisconsin Electric Power Company; by *Eugene O. Gehl* and *Brynelson, Herrick, Gehl & Bucaida* of Madison, for Wisconsin Power & Light Company; and by *William T. Rieser* and *Stafford, Rosenbaum, Rieser & Hansen* of Madison, for Madison Gas & Electric Company. [Case No. 79–1929.]

DAY, J. This is a review of two decisions of the court of appeals. The first, *Bearns v. ILHR Dept.,* is a decision published at 98 Wis.2d 124, 295 N.W.2d 765 (Ct. App. 1980),[1] dismissing an appeal from a judgment

---

[1] The court of appeals affirmance on reconsideration is reported with its original decision at 98 Wis.2d at 128, 295 N.W.2d at 767 (1980).

of the Circuit Court for Dane County: MICHAEL B. TORPHY, JR., Circuit Judge. The second, *Wisconsin Public Service Corporation v. Public Service Commission of Wisconsin,* is an unpublished decision dated October 7, 1980, dismissing an appeal of the Public Service Commission (PSC) from an order of the Circuit Court for Brown County: ROBERT J. PARINS, Circuit Judge. In each case the court of appeals dismissed the appeal, concluding that the order or judgment of the circuit court was not "final" and therefore not appealable as of right. We hold that both appeals were taken from final orders or judgments and reverse the court of appeals.

Both of these appeals followed judicial review of orders of administrative agencies.

In *Bearns,* a worker filed an application for hearing for worker's compensation benefits with the Department of Industry, Labor and Human Relations (the department) on February 16, 1977. In his application he sought compensation for injuries he sustained on June 4, 1973, while he was employed by Oscar Mayer & Company, Inc.

After hearings, the department's examiner made findings of fact and entered an order directing payment to the worker on the basis of five percent of permanent disability. The findings and order were affirmed by order of the Labor and Industry Review Commission (the commission) on June 1, 1978.

The worker then commenced an action in Dane county circuit court for review of the commission's order, pursuant to sec. 102.23, Stats.[2] Judgment was entered

---

[2] "102.23. **Judicial review.** (1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive. The order or award granting or denying compensation, either interlocutory or final, whether judgment has been rendered thereon or not, is subject to review only in the manner and upon the grounds following and not under ch. 227 or s. 801.02: Within 30 days from the date of an order or award made

by the circuit court on April 18, 1979, setting aside the order and remanding the matter to the commission for further proceedings.

Oscar Mayer & Company (the employer) filed a timely notice of appeal "from the whole final judgment entered on April 18, 1979" by the circuit court.

In the *Wisconsin Public Service Corporation* case, proceedings were initiated by four utility companies'[3] joint application to the Public Service Commission, for authority to construct and put into operation a two-unit nuclear electric generating plant and other facilities on a site in the town of Koshkonong in Jefferson county. Hearings on the application were held between 1974 and 1978. In 1977, the applicants, with the consent of the PSC, withdrew their applications to construct the plant on the Koshkonong site. In August of 1978, three of the utility companies applied for authority to construct and operate a single unit nuclear plant in the town of Mosel in Sheboygan county. On March 2, 1979, the PSC entered an order requiring certain of the expenditures made by the utilities in planning and preparing for the sites to be accounted for in specific ways. The order had the effect of precluding 7.5 million dollars in expenditures made in connection with the proposed sites from being recovered from rate payers, necessarily charging those expenditures to shareholders.

From that order, Wisconsin Public Service Corporation (WPSC), sought review in the Brown county cir-

by the commission either originally or following the filing of a petition for review with the department under s. 102.18 any party aggrieved thereby may by service as provided in par. (a) commence, in circuit court, an action against the commission for the review of the order or award, in which action the adverse party shall also be made a defendant . . ."

[3] The original applicants were the Wisconsin Public Service Corporation, Madison Gas & Electric Company, Wisconsin Power & Light Company, and Wisconsin Electric Power Company.

cuit court pursuant to secs. 196.41,[4] and 227.15, Stats.[5]

On October 15, 1979, the circuit court entered an order reversing the PSC order and remanding the case to the PSC for further proceedings.

The PSC filed a notice of appeal from the "final judgment" of the circuit court on December 13, 1979. On May 16, 1980, Madison Gas & Electric Company, Wisconsin Power & Light Company and Wisconsin Electric Power Company were granted leave to intervene in the appeal.

The court of appeals dismissed both appeals, concluding that neither was taken from a "final order or judgment" and thus neither was appealable as of right under sec. 808.03(1), Stats., which provides:

"808.03. **Appeals to the court of appeals.** (1) AP-PEALS AS OF RIGHT. A final judgment or a final order of a circuit court or county court may be appealed as a matter of right to the court of appeals unless otherwise expressly provided by law. A final judgment or final order is a judgment or order entered in accordance with s. 806.06(1)(b) or 807.11(2) which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding."

As the court of appeals recognized, sec. 808.03, Stats., was enacted to discourage interlocutory appeals to "avoid unnecessary interruptions and delay in the trial court and to reduce the burden on the appellate courts."

[4] "196.41. **Court review.** Any order or determination of the commission may be reviewed in the manner provided in ch. 227."

[5] "227.15. **Judicial review; orders reviewable.** Administrative decisions which adversely affect the substantial interests of any person, whether by action or inaction, whether affirmative or negative in form, except the decisions of the department of revenue, the commissioner of banking, the commissioner of credit unions, the commissioner of savings and loan, and the state board of vocational, technical and adult education acting under s. 38.29, and as otherwise provided by law, shall be subject to judicial review as provided in this chapter."

*Bearns v. ILHR Dept.*, 98 Wis.2d 124, 127, n. 2, 295 N.W. 2d 765 (Ct. App. 1980), quoting Martineau and Malmgren, *Wisconsin Appellate Practice*, sec. 401 at 20 (1978), citing the Judicial Council Committee's note to sec. 808.03(2), Stats.

As this court stated in *State v. Jenich*, 94 Wis.2d 74, 97b–97c, 288 N.W.2d 114, 292 N.W.2d 348 (1980) (Per Curiam) :

"The new appeals statute replaced the troublesome list of intermediate orders appealable by right under the old provision, sec. 817.33, Stats., with an easily applied dichotomy : 'Orders which "[dispose] of the entire matter in litigation" are appealable by right; all others are appealable only by permission.' *State v. Rabe,* 96 Wis. 2d 48, 56, 291 N.W.2d 809 (1980)."

Applying the appeals statute to these cases, the court of appeals found the circuit court decisions nonfinal, because they did not "dispose of the entire matter in litigation between the parties."

The court of appeals decisions impliedly construe the term "litigation" to include these proceedings before these administrative agencies. In that view the litigation in both of these cases would have commenced when the actions were originally filed before the agencies. That litigation would not conclude until the reviewing circuit court affirmed or set aside the administrative order. But if the circuit court again remanded the case, the litigation would continue through another set of proceedings before the administrative agency.

However, this court has not interpreted litigation to include proceedings before administrative agencies. In *Bablitch & Bablitch v. Lincoln County,* 82 Wis.2d 574, 581, 263 N.W.2d 218 (1978), this court referring to *Black's Law Dictionary,* Revised Fourth Edition (1968) defined "litigation" as :

". . . a civil action or contest *in a court of justice* for the purpose of enforcing a right." (Emphasis added.)

In *Valley Express, Inc. v. United States,* 264 F. Supp. 1006 (W.D. Wis. 1966), the court considered whether proceedings before the Wisconsin Public Service Commission constituted litigation as that term is used in the Interstate Commerce Act. There the court held that such proceedings do not constitute litigation, stating that ". . . Congress intended the ordinary meaning of prosecuting or defending *in court." Valley Express, Inc., supra,* 264 F. Supp. at 1009. (Emphasis added.)

We agree with those cases that litigation refers only to proceedings in court. In both of these actions, "litigation" or judicial proceedings began with the filing in the circuit court of a petition to review an administrative agency order. The court order setting aside the commission's order and remanding the case, disposed of the entire matter "in litigation" and was therefore appealable under sec. 808.03(1).

This conclusion is consistent with earlier cases of this court considering the appealability of a circuit court order setting aside an administrative order and remanding the case to the administrative agency.

In *Van Domelon v. Industrial Commission,* 212 Wis. 22, 249 N.W. 60 (1933), the circuit court set aside an order of the Industrial Commission and remanded the cause to the commission. On appeal, it was argued that the remand order was merely an intermediate order not appealable as of right. This court rejected that argument, stating that:

"Such a judgment, whether it affirms or sets aside an order or award of the commission, is the final determination which the court is to make in so far as the particular action, in which the judgment is entered, is concerned. It is not to be followed by any subsequent order or judgment in that action, and, consequently, it

is not a mere intermediate or interlocutory order or judgment. If, after setting aside an order or award, a new order or award is subsequently made by the commission, in further proceedings upon a remanded record, in relation to the original application for compensation, then such new order or award is not reviewable in the action which was theretofore commenced and prosecuted to judgment in relation to a former order or award. Each proceeding to review an order or award of the commission is an action against the commission and such parties as may have an interest in sustaining such order or award. When the court in such an action either confirms or sets aside the commission's order or award, the court's adjudication constitutes the final determination in that action. If thereafter any person feels aggrieved by a subsequent order or award of the commission in relation to the same application for compensation, a new and separate action to review that order or award must be instituted by the person aggrieved." *Van Domelon, supra,* 212 Wis. at 25.[6]

In several cases since *Van Domelon,* both this court and the court of appeals have accepted appeals from circuit court orders remanding cases to administrative agencies.

---

[6] The statute authorizing appeal in *Van Domelon* was similar to the present appeal provision of the Worker's Compensation Act, sec. 102.25 (1), which provides:

"102.25. **Appeal from judgment on award.** (1) Any party aggrieved by a judgment entered upon the review of any order or award may appeal therefrom within 30 days from the date of service by either party upon the other of notice of entry of judgment."

It is arguable that this section authorizes appeals from judgments of a reviewing circuit court in worker's compensation cases, whether final or not. (Cf., sec. 227.21, Stats., which authorizes appeals in other administrative review cases only from "the final judgment of the circuit court.") Because we conclude that the circuit court dispositions in both of these actions constituted final orders or judgments we need not consider this question. Accordingly, we consider these appeals to stand on equal footing as appeals of right, notwithstanding the appeal rights that may exist under sec. 102.25 (1), Stats.

In *Wisconsin's Environmental Decade v. Public Service Comm.*, 79 Wis.2d 409, 414, 256 N.W.2d 149 (1977), this court considered an appeal from a circuit court judgment which "remanded the matter to the commission for further investigation and an evidentiary hearing as to whether an environmental impact statement was required." In *Bituminous Casualty Co. v. ILHR Department*, 97 Wis.2d 730, 295 N.W.2d 183 (Ct. App. 1980), an appeal was brought from an order of the circuit court setting aside the department's order and remanding the case for further proceedings. See also: *Sinclair v. H&SS Dept.*, 77 Wis.2d 322, 253 N.W.2d 245 (1977); *Holtz & Krause v. DNR.*, 85 Wis.2d 198, 270 N.W.2d 409 (1978).

We believe those cases were properly appealable as of right because in each the disposition in the trial court disposed of the entire matter in litigation. For the same reason, we conclude that the two appeals involved in this review are appealable as of right under sec. 808.03 (1), Stats.

*By the Court.*—The decisions of the Court of Appeals are reversed, and the cases remanded to the Court of Appeals for consideration of any issues properly before that court.

BEILFUSS, C.J., took no part.