STATE of Wisconsin EX REL. NEKOOSA PAPERS, INC., Petitioner-Respondent,

v.

The BOARD OF REVIEW OF the TOWN OF SARATOGA, Respondent-Appellant.

STATE of Wisconsin EX REL. Marlene M. MURRAY, f/n/a Marlene M. Capek, Petitioner-Respondent,

v.

The BOARD OF REVIEW OF the TOWN OF SARATOGA, Respondent-Appellant.

STATE of Wisconsin EX REL. Laurel D. BABB, Petitioner-Respondent,

v.

The BOARD OF REVIEW OF the TOWN OF SARATOGA, Respondent-Appellant.

STATE of Wisconsin EX REL. Thomas W. JOSLIN and Elizabeth D. Joslin, Petitioners-Respondents,

v.

The BOARD OF REVIEW OF the TOWN OF SARATOGA, Respondent-Appellant.

STATE of Wisconsin EX REL. MENGEL CRANBERRY COMPANY, INC., Petitioner-Respondent,

v.

The BOARD OF REVIEW OF the TOWN OF SARATOGA, Respondent-Appellant.

STATE of Wisconsin EX REL. GETZIN CRANBERRY COMPANY, by Kathryn Getzin and Wood County National Bank, as Trustee, Petitioner-Respondent,

v.

The BOARD OF REVIEW OF the TOWN OF SARATOGA, Respondent-Appellant.†

Court of Appeals

*No. 82–572. Submitted on briefs March 28, 1983.—Decided June 3, 1983.*
(Also reported in 336 N.W.2d 384.)

† Petition to review denied.

For the respondent-appellant the cause was submitted on the briefs of *James M. Mason* of Wisconsin Rapids.

For the petitioner-respondent Nekoosa Papers, Inc., the cause was submitted on the brief of *Chambers, Nash, Pierce & Podvin, S.C.,* of Wisconsin Rapids.

For the petitioners-respondents Marlene M. Murray, Laurel D. Babb, Thomas W. Joslin and Elizabeth Joslin, Mengel Cranberry Company, Inc. and Getzin Cranberry Company, the cause was submitted on the brief of *Crowns, Merklein, Midthun & Metcalf, S.C.,* of Wisconsin Rapids.

Before Gartzke, P.J., Dykman, J. and W. L. Jackman, Reserve Judge.

GARTZKE, P.J.   The Board of Review of the Town of Saratoga appeals from the circuit court's order setting aside the town's 1979 tax assessments against properties of respondents Nekoosa Papers, Marlene Capek, Laurel Babb, Thomas and Elizabeth Joslin, Mengel Cranberry Company and Getzin Cranberry Company. The court held that the board erred by failing to make a verbatim record of its deliberative sessions following the hearings on respondents' objections to the assessments. We reverse.

The relevant facts are undisputed. Pursuant to sec. 70.47(8), Stats., the board of review conducted hearings on respondents' objections to the assessor's valuations of their properties. Verbatim records were made of those hearings. The board held its deliberative sessions at other times. The only records of the deliberative sessions consist of board minutes kept by the town clerk.

The minutes state the times and dates of the meetings,[1] that all board members and the assessor and his staff were present, and the board's determinations.

Dissatisfied with the board's determinations, respondents sought judicial review, pursuant to sec. 70.47(9a), Stats. 1977.[2] The six cases were consolidated. The circuit court concluded that sec. 70.47(8)(e), Stats., requires that the board's deliberations on the correctness of assessments be taken in full by a stenographer or a recording device. The court therefore set aside each determination by the board as to the correctness of each valuation, and remanded for further proceedings.

■

The issue turns on the meaning of a statute, a question of law. We are not bound by the trial court's views on the meaning of a statute. *State v. Yellow Freight System, Inc.,* 96 Wis. 2d 484, 489, 292 N.W.2d 361, 364 (Ct. App. 1980), *affd,* 101 Wis. 2d 142, 303 N.W.2d 834 (1981). If a statute is unambiguous, no judicial rule of construction is permitted, and a court must arrive at the intention of the legislature by giving statutory language its ordinary and accepted meaning. *State ex rel. Milwaukee County v. WCCJ,* 73 Wis. 2d 237, 241, 243 N.W.2d 485, 487 (1976).

Board of review proceedings are conducted pursuant to sec. 70.47, Stats. Separate subsections of that statute control the procedure applicable to hearings before the board and the procedure applicable to the board's deliberations. Section 70.47(8), describing the procedure

[1] The dates of the board's determinations are of record. The dates of the hearings and deliberative sessions on the individual objections are not in the record.

[2] Section 70.47(9a), Stats. 1977, was renumbered sec. 70.47(13) by sec. 878, ch. 34, Laws of 1979, effective July 29, 1979. Sec. 2104, ch. 34, Laws of 1979. It was subsequently amended by sec. 18, ch. 110, Laws of 1979, effective March 1, 1980, and sec. 10, ch. 289, Laws of 1981, effective May 1, 1982.

applicable to hearings, provides, "The board shall hear upon oath all persons who appear before it in relation to the assessment, and on such hearing shall proceed as follows," and requires the clerk to swear witnesses, controls the sequence of witnesses, allows for compulsory production of evidence, and further provides: "(e) All proceedings shall be taken in full by a stenographer or by a recording device, the expense thereof to be paid by the district."

The deliberative sessions of the board are conducted pursuant to another subsection, sec. 70.47(9), Stats., which provides:

(a) From the evidence before it the board shall determine whether the assessor's valuation is correct. If too high or too low, it shall raise or lower the same accordingly. A majority of the members of the board present at the meeting to make the determination shall constitute a quorum for purposes of making such determination, and a majority vote of the quorum shall constitute the determination. In the event there is a tie vote, the assessor's valuation shall be sustained.

(b) A board member may not be counted in determining a quorum and may not vote concerning any determination unless, concerning such determination, such member:

1. Attended the hearing of the evidence; or

2. Received the transcript of the hearing no less than 5 days prior to the meeting and read such transcript; or

3. Received a mechanical recording of the evidence no less than 5 days prior to the meeting and listened to such recording; or

4. Received a copy of a summary and all exceptions thereto no less than 5 days prior to the meeting and read such summary and exceptions. In this subdivision "summary" means a written summary of the evidence prepared by one or more board members attending the hearing of evidence, which summary shall be distributed to all board members and all parties to the contested assessment and "exceptions" means written exceptions to the summary of evidence filed by parties to the contested assessment.

Board of review proceedings are purely statutory. We cannot add to the procedure specified by the legislature. *See, e.g., Bekkedal v. Viroqua,* 183 Wis. 176, 192, 196 N.W. 879, 885 (1924) (property owner appealing assessment entitled to jury trial only if statute authorizing appeal so provides). The recording requirement in sec. 70.-47(8)(e), Stats., unambiguously applies to hearings before the board. The board's determinations are governed by sec. 70.47(9), which specifies with particularity the use to be made of the hearing record but is silent regarding the record the board must make when it deliberates. We conclude that no record need be made of the deliberations of the board.

Respondents point out that in *Dolphin v. Board of Review,* 70 Wis. 2d 403, 411, 234 N.W.2d 277, 282 (1975), it was held jurisdictional error to allow the assessor to participate without the taxpayer's presence in a board of review "executive session" regarding the correctness of an assessment. Respondents argue that a verbatim record of the deliberations session is necessary for an objecting taxpayer to establish whether such inproprieties occurred. Respondents' concern, however justifiable, does not authorize us to add a procedural requirement to sec. 70.47, Stats., not specified by the legislature.

*By the Court.*—Order reversed and cause remanded for further proceedings.

DYKMAN, J. (*dissenting.*) I dissent because I conclude that the majority's reliance on the plain meaning rule quoted in *State ex rel. Milwaukee County v. WCCJ,* 73 Wis. 2d 237, 241, 243 N.W.2d 485, 487 (1976) is misplaced. In *Madison and Mueller v. Town of Fitchburg,* No. 87–1218 slip op. (Wis. April 26, 1983), a majority of the court adopted a new rule by which we examine legislation. We no longer are bound by the plain meaning of a statute because "the spirit or intention of a statute should

govern over the literal or technical meaning of the language used." *Id.* at 10. This court has held that the court of appeals is bound by the prior decisions of the Wisconsin Supreme Court. *Livesey v. Copps Corp.*, 90 Wis. 2d 577, 581, 280 N.W.2d 339, 341 (Ct. App. 1979). This court serves an error-correcting function in our appellate system. *State v. Mosley*, 102 Wis. 2d 636, 665–66, 307 N.W. 2d 200, 216–17 (1981). We are therefore required to determine whether the trial court erred, using the new method of statutory construction adopted in *Town of Fitchburg, supra.* Using that method, I conclude it did not.

I would affirm the trial court because I conclude that the spirit or intention of sec. 70.47(8)(e), Stats., is to make a record of Board of Review proceedings available for the use of the public and for judicial review. This is not possible unless a stenographer or recording device is used.