STATE of Wisconsin EX REL. Paul W. HEMKER,
Plaintiff-Respondent,

v.

Donald E. HUGGETT, City Clerk of the City of Onalaska,
Appellant.

Court of Appeals

*No. 82–1223. Submitted on briefs June 1, 1983.—*
*Decided July 26, 1983.*
(Also reported in 338 N.W.2d 335.)

---

[8] Because we are reversing the judgments, we do not decide the other issues raised by Serebin.

For the appellant the cause was submitted on the briefs of *William A. Shepherd* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Terence R. Collins* of La Crosse.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

GARTZKE, P.J. The trial court ordered a reassessment for 1979 of some 915 acres annexed in 1978 to the city of Onalaska from the town of Medary. The order was entered in an appeal by Paul Hemker from the city board of review's affirmance of the 1979 assessed valuation of his property in the annexed territory. We conclude that the trial court erred by ordering the area reassessment before holding a hearing as required by sec. 75.54(1), Stats. We therefore reverse and remand the matter for further proceedings.

At the hearing before the board of review, Hemker testified that when making the 1979 valuations, the city assessor adjusted the town assessor's 1978 valuations by a fixed percentage. The city assessor responded:

What we did was use last year's assessor's figures [the town assessor's 1978 valuations] and we used the computer modifier—we reduced the land in Medary 30%—we increased the land in Onalaska 20% . . . . We have not individually worked each parcel of land as being previously testified to today. We do intend to work each one separately for next year, if there are errors that exist, we have not delved into that at all.

Section 70.32(1), Stats., provides:

Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a) from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale.

The trial court correctly concluded from the record that the city assessor failed to comply with sec. 70.32, Stats., when arriving at the 1979 assessed values. A valuation based on a flat percentage adjustment to a previous assessment is "a blanket, sweeping, meat cleaver approach" not authorized by statute or permitted by case law. *State ex rel. Kaskin v. Board of Review,* 91 Wis. 2d 272, 280, 282 N.W.2d 620, 623–24 (Ct. App. 1979). So far as appears from the record made before the board of review, the "computer modifier" used by the city assessor is a flat percentage adjustment to the town assessor's valuations.

The trial court entered the area assessment order pursuant to sec. 75.54, Stats., because the court concluded that the groundwork for the 1979 valuation was erroneous. Because the assessor applied the computer modifier to all the annexed property, we accept the conclusion based on the board's record that the groundwork for the 1979 valuation was erroneous. That apparent error affects every parcel in the annexed territory. The court acted prematurely, however, by ordering an area reassessment without holding a hearing on the groundwork issue.

Section 75.54(1), Stats., provides in part:

In all actions in any court of this state, in which either party seeks to avoid or set aside in whole or in part any assessment, . . . if the court is of the opinion, *after a hearing had,* that, for any reason affecting the groundwork of the tax and all the property in any assessment district, said assessment . . . should be set aside, the

court shall immediately stay all proceedings in such action and in all other actions affecting the assessment . . . in such district until a reassessment of the property therein can be made . . . . [Emphasis added.]

Good reason exists for the hearing requirement in sec. 75.54(1), Stats. Board of review proceedings may be somewhat informal and result in an incomplete or inadequate record. An appeal from the determination of the board of review is nevertheless by certiorari. Sec. 70.-47(13), Stats.

Review on statutory certiorari, like review on common law certiorari, is restricted to the record made before the initial fact finder, unless the statute enlarges the scope of review. *State ex rel. Ruthenberg v. Annuity & Pension Bd.,* 89 Wis. 2d 463, 473–74, 278 N.W.2d 835, 840 (1979). Unless the statute directing certiorari review authorizes the court to take evidence, the court may not conduct its own factual inquiry. *Berschens v. Town of Prairie du Sac,* 76 Wis. 2d 115, 121–24, 250 N.W.2d 369, 373–74 (1977). In short, judicial review by certiorari under sec. 70.47(13), Stats., of a board of review's determination is limited strictly to the record, no matter how incomplete or inadequate it may be. Under these circumstances, a court ought not find on a record made regarding the assessed value of one or a few parcels, that the groundwork for the tax on many similar parcels is defective. Additional factual inquiry, not permitted on certiorari review, should be made. Consequently, sec. 75.54(1), Stats., does not permit the trial court to conclude from a record made by the initial fact finder, such as a board of review, that a reason affecting "the groundwork of the tax and all the property in any assessment district" requires an area reassessment, but requires the court first to make its own factual inquiry.

The city assessor never explained to the board of review how he arrived at the "computer modifier" he applied to the town's 1978 assessed values. The trial court could not hear the explanation, if it exists, on certiorari review of the determination by the board of review. The explanation will be admissible in a sec. 75.54(1), Stats., hearing.

Accordingly, we remand the matter to the trial court to hold the hearing authorized by sec. 75.54(1), Stats.

*By the Court.*—Order reversed and matter remanded to the trial court to hold the hearing authorized by sec. 75.54(1), Stats.