# William D. STEENBERG, Plaintiff-Respondent,

## v.

# TOWN OF OAKFIELD, Defendant-Appellant.

Court of Appeals

*No. 90–1032. Submitted on jurisdiction memoranda June 29, 1990.—Decided August 8, 1990.*

(Also reported in 461 N.W.2d 148.)

On behalf of the defendant-appellant, there was a jurisdiction memorandum filed by *John A. St. Peter* and *Kathryn M. Bullon-Stommel* of *Edgarton, Ondrasek, St. Peter, Petak & Massey* of Fond du Lac.

On behalf of the plaintiff-respondent, there was a response to the jurisdiction memorandum filed by *Eliza-*

*beth V. Pavlick* of *Sager, Pavlick & Wirtz, S.C.* of Fond du Lac.

Before Nettesheim, P.J., Brown and Scott, JJ.

PER CURIAM.   The Town of Oakfield appeals an order reversing an assessment and remanding the matter to the board of review for further proceedings. The circuit court's order states that "the court shall retain jurisdiction until the Board has determined an assessment in accordance with this order." Jurisdictional memos were ordered from the parties on whether, in light of the language by which the circuit court retained jurisdiction, the order terminates the litigation. The parties argue that the circuit court's retained jurisdiction, as required by sec. 70.47(13), Stats., does not affect the finality of the order for purposes of appeal. We agree and conclude that jurisdiction exists over this appeal.

*Bearns v. DILHR,* 102 Wis. 2d 70, 75–76, 306 N.W.2d 22, 25 (1981), held that an order setting aside an administrative agency's order and remanding the case disposed of the entire matter "in litigation" since administrative agency proceedings do not constitute "litigation." The order was therefore final and appealable under sec. 808.03(1), Stats. *Bearns,* 102 Wis. 2d at 76, 306 N.W.2d at 25.

The language in the order here simply restates a portion of sec. 70.47(13), Stats. That section provides in part:

> If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and *retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's*

675

*order.* For this purpose, if final adjournment of the board occurs prior to the court's decision on the appeal, the court may order the governing body of the assessing authority to reconvene the board.

*Id.* (emphasis added).

The provision for retained jurisdiction is unique to reviews under sec. 70.47(13), Stats. The above-quoted language was added by sec. 1, ch. 414, Laws of 1977, effective May 27, 1978. The language was requested by the League of Wisconsin Municipalities. As a single enactment, the language appears to be concerned with providing an aggrieved party with a remedy if the board of review adjourns prior to the court's remand. Nothing in the provision or in the court's retained jurisdiction appears to be intended to interfere with the finality of the circuit court's decision for purposes of appellate review in this court. Indeed, despite the fact that by operation of law the circuit court has retained jurisdiction, appellate review has gone forward prior to proceedings on remand to the board of review. *See, e.g., Darcel, Inc. v. City of Manitowoc Bd. of Review,* 137 Wis. 2d 623, 405 N.W.2d 344 (1987); *Dempze Cranberry Co. v. Board of Review of Biron,* 143 Wis. 2d 879, 422 N.W.2d 902 (Ct. App. 1988); *State ex rel. Nekoosa Papers, Inc. v. Board of Review of Saratoga,* 114 Wis. 2d 14, 336 N.W.2d 384 (Ct. App. 1983); *State ex rel. Hemker v. Huggett,* 114 Wis. 2d 320, 338 N.W.2d 335 (Ct. App. 1983).

As in instances where proceedings are remanded to an administrative agency, nothing in this assessment review remains to be litigated in the circuit court prior to some intervening proceeding. Because no court litigation is pending, the order is final. *See Bearns,* 102 Wis. 2d at 76, 306 N.W.2d at 25. We conclude that the order

appealed from is final within sec. 808.03(1), Stats., and appealable as of right.

*By the Court.*—Jurisdiction confirmed.