George FLORES, Relator,

v.

The FOURTH COURT OF
APPEALS, Respondent.

No. C–7815.

Supreme Court of Texas.

June 28, 1989.
Rehearing Denied Oct. 11, 1989.

Roy D. Quillian, III, Susan Stone, San Antonio, for relator.

Charles S. Frigerio, Hector X. Saenz, San Antonio, for respondent.

MAUZY, Justice.

At issue in this mandamus proceeding is whether the trial court in the underlying workers' compensation case abused its discretion by ordering the production of an investigative report prepared after notice of injury was filed with the Industrial Accident Board but before an appeal to a district court. The Court of Appeals for the Fourth District of Texas held that the trial court abused its discretion and that the information obtained in the post-accident investigation was privileged under rule 166b(3)(d) of the Texas Rules of Civil Procedure. The court of appeals directed the trial court to vacate its order. 751 S.W.2d 551. Relator George Flores seeks mandamus from this court directing the court of appeals to vacate its order. Because we hold that the trial court did not abuse its discretion, we conditionally grant the writ of mandamus.

In the underlying action, Flores filed a workers' compensation suit against the City of San Antonio, which is selfinsured. As part of his pretrial discovery, he propounded a set of interrogatories and requests for production of documents to the City. The City objected to two interrogatories and a request for production that sought discovery of any investigations conducted by or on behalf of the City after Flores' injury. The City asserted that such investigations were privileged under rule 166b(3)(d). Flores filed a motion to compel answers to the interrogatories and request for production, and the City responded by filing a motion for protective order.

The judge of the 73rd District Court of Bexar County conducted a hearing on both motions which included an in camera inspection of the documents and testimony from George Vasill, a claims supervisor employed by an independent adjusting firm hired by the City. Vasill had become involved in the case after Flores filed his claim for compensation with the Industrial Accident Board. After investigating Flores' claim, he filed a prehearing report.

The trial judge granted Flores' motion to compel and ordered that the prehearing report prepared by Vasill be produced. The City petitioned the Fourth Court of Appeals for a writ of mandamus which was conditionally granted. Flores now seeks a writ of mandamus in this court contending that the court of appeals abused its discretion by granting the City's writ and ordering the trial court to vacate its order.

Rule 166b(3)(d) sets out the party communications privilege.[1] At the heart of the controversy is the language in the rule which states that a communication is privileged if it is prepared "in anticipation of the prosecution or defense of the claims made a part of the pending litigation." Tex.R.Civ.P. 166b(3)(d). The City claims that the report prepared by Vasill is privileged because it was prepared in anticipation of litigation.

The City, as the party resisting discovery, has the burden of producing evidence to establish the privilege. *McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72 (Tex.1989); *Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 804 (Tex.1986); *Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex. 1985). The City can only invoke the privilege if Vasill prepared the report after there was good cause to believe suit would be filed or after the institution of a lawsuit. *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801, 802 (Tex.1986); *Allen v. Humphreys,* 559 S.W.2d 798, 802 (Tex. 1977).

The first inquiry is whether filing a notice of claim for workers' compensation commences litigation. The City contends that when a worker files a claim for compensation with the Industrial Accident Board litigation has commenced. The court of appeals agreed, and accordingly held that litigation commenced when Flores filed his claim for compensation, and that the report subsequently prepared was privileged. 751 S.W.2d at 554.

■ The court of appeals also held that the terms "litigation," "suit," and "lawsuit," as used in rule 166b(3)(d), encompassed proceedings before the Industrial Accident Board and thus extended the definition of litigation to include proceedings before an administrative agency having quasi-judicial powers and employing quasi-judicial procedures.[2] *Id.* We cannot sanc-

---

1. Rule 166b(3)(d) states:

   3. Exemptions. The following matters are protected from disclosure by privilege:

   . . . .

   d. Party Communications. With the exception of discoverable communications prepared by or for experts, and other discoverable communications, between agents or representatives or the employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based, and in anticipation of the prosecution or defense of the claims made a part of the pending litigation. For the purpose of this paragraph, a photograph is not a communication.

   Tex.R.Civ.P. 166b(3)(d).

2. As support for its definition of litigation, the court of appeals cites to G. & C. Merriam Co., *Webster's Third New International Dictionary* 1322 (1961) which defines "litigation" as "a controversy involving adverse parties before an ex-

tion this expansive definition. Therefore, we hold that the term "litigation" refers only to court proceedings, which in this case commenced when Flores filed suit in the district court.[3] Other states have recognized that a proceeding before workers' compensation agencies does not constitute litigation. *Bearns v. Department of Indus., Labor & Human Relations,* 102 Wis.2d 70, 306 N.W.2d 22 (1981) (litigation refers only to proceedings after the filing of a petition in district court); *Kochinsky v. Independent Pier Co.,* 157 Pa.Super. 15, 41 A.2d 409 (1945) (proceedings before the workers' compensation agency are not litigation).

Based upon the theory that in *State v. Thomas,* 766 S.W.2d 217 (Tex.1989), we elevated a "contested case" before a utility rate agency to the level of an action "in the courts," the dissent concludes that proceedings before the Industrial Accident Board constitute litigation. This analysis is severely flawed. Unlike the Public Utility Commission, the Industrial Accident Board is not an agency which determines "contested cases" within the meaning of the Administrative Procedure and Texas Register Act. Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 3(1) (Vernon Supp.1989).

Our holding, that proceedings before the Industrial Accident Board do not constitute litigation, does not conflict with our holding in *Thomas. Thomas* did not address discovery or when litigation commences, but concerned the issue of whether the attorney general could intervene in utility rate cases before the Public Utility Commission.

Judicial review of a workers' compensation case is vastly different from a utility rate case. A workers' compensation claim differs from other matters considered by administrative agencies because the Industrial Accident Board is a "way station" a party must pass through to reach the trial court. Either party, including the City as a self-insured entity, can appeal the board's award and demand a trial by jury.

A party or intervenor appealing from an adverse decision of the Public Utility Commission is *only* entitled to a review under the substantial evidence rule. It may *not* remake the record at the trial court level and cannot contest issues of fact found by the Commission. Tex.Rev.Civ.Stat.Ann. art. 1446c, § 69 (Vernon Supp.1989); Tex. Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Vernon Supp.1989); *see Railroad Comm'n v. Entex, Inc.,* 599 S.W.2d 292 (Tex.1980). In contrast, a party appealing an Industrial Accident Board award is not bound by the record made at the agency level and can make a new record at the trial court level, where the jury determines contested issues of fact. Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1989).

■ Since we have concluded that litigation did not commence when Flores' filed his notice of claim, the next inquiry is whether the report was prepared in anticipation of litigation. Determining whether there is good cause to believe a suit will be filed, so that an investigation is done in anticipation of litigation, requires a two-prong analysis. The first prong requires

---

ecutive governmental agency having quasi-judicial powers and employing quasi-judicial procedures." However, *Black's Law Dictionary* 814 (5th ed. 1979) defines litigation as "[a] lawsuit. Legal action, including all proceedings therein. Contest in a court of law for the purpose of enforcing a right or seeking a remedy. A judicial contest, a judicial controversy, a suit at law."

**3.** Rule 166b(3)(e) states:
   3. Exemptions. The following matters are protected from disclosure by privilege:
   . . . .
   e. Other Privileged Information. Any matter protected from disclosure by any other privilege.

Upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means, a party may obtain discovery of the materials otherwise exempted from discovery by subparagraphs c and d of this paragraph 3. Nothing in this paragraph 3 shall be construed to render non-discoverable the identity and location of any potential party, any person having knowledge of relevant facts, any expert who is expected to be called as a witness in the action, or of any consulting expert whose opinions or impressions have been reviewed by a testifying expert.
Tex.R.Civ.P. 166b(3)(e).

an objective examination of the facts surrounding the investigation. Consideration should be given to outward manifestations which indicate litigation is imminent. The second prong utilizes a subjective approach. Did the party opposing discovery have a good faith belief that litigation would ensue? There cannot be good cause to believe a suit will be filed unless elements of both prongs are present. Looking at the totality of the circumstances surrounding the investigation, the trial court must then determine if the investigation was done in anticipation of litigation. Unless there is an abuse of discretion, the trial court's ruling should not be disturbed.

■ In the present case, the report was printed on a standard form and contained the following information: (1) whether there was a question of coverage, claimant's employment, compensable injury, whether the injury occurred in the course and scope of employment; (2) the average weekly wage on the date of the accident; (3) amount of temporary total disability paid claimant; (4) any advance payments; (5) whether the claim had been previously heard at a prehearing conference; (6) summary of medical findings; (7) whether claimant had returned to work; (8) calculations of the claimant's injuries; (9) current indemnity reserves; (10) attorney for the claimant; and (11) claims examiner.

During the hearing on the City's motion for protective order, Vasill testified that it was usual and customary to prepare such a report and that this was done in every case that was set for a prehearing conference. Other than his own conclusion that litigation would ensue, he observed no outward manifestation of litigation until he received the notice of intention to appeal. Flores' counsel stated he sought only statements that dealt with the facts of the case and that he was not interested in any evaluations made by Vasill or the indemnity reserves. The City made no specific attempt to protect the indemnity reserves from disclosure.

From the circumstances surrounding its preparation, this report was clearly prepared in the usual and customary course of business. Vasill's subjective conclusion that Flores would file suit was unsupported by any objective indications that litigation was imminent; in fact, Vasill himself testified there were no outward manifestations of litigation.

We have previously recognized that "[t]he discretion exercised by a trial court when ruling on an interlocutory matter is ordinarily quite broad, whereas the discretion exercised by an appellate court possessing mandamus power is much more confined." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A writ of mandamus is only issued to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). The court of appeals abuses its discretion when it grants relief absent these circumstances. *Johnson*, 700 S.W.2d at 917.

By contrast, a trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it results in a clear and prejudical error of law. The relator must establish that the law and the facts of the case only allow the trial court to reach one decision, since mandamus will not issue to control the action of a trial court in a matter involving discretion. *Johnson*, 700 S.W.2d at 917.

■ To determine whether the court of appeals abused its discretion we must make an independent inquiry as to whether the trial court's order was so arbitrary and unreasonable that it resulted in a clear and prejudicial error of law. If determination of the matter lies within the discretion of the trial court, its ruling will not be disturbed unless there has been a clear abuse of discretion. *Johnson*, 700 S.W.2d at 917.

The scope of discovery and the admission of evidence is principally within the discretion of the trial court. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985). In the present case, the trial judge held a hearing on the City's motion for protective order and an in camera inspection pursuant to rule 166b(4) of the Texas Rules of Civil Procedure. Tex.R. Civ.P. 166b(4); *see Peeples v. Honorable*

*Fourth Supreme Judicial Dist.*, 701 S.W.2d 635 (Tex.1985). Our review of the record reveals that the trial court did not reach a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson*, 700 S.W.2d at 917. The trial court was properly within its discretion when it deemed the investigative report discoverable. Accordingly, we hold that the trial court did not abuse its discretion by granting Flores' motion to compel and ordering the prehearing report be produced.

Besides an absence of abuse of discretion, we have another reason to uphold the trial court's ruling. In 1988 rule 166b(3)(e) was amended; a sentence was added to allow one seeking information that was otherwise privileged under rule 166b(3)(d), to obtain such discovery by showing that party's substantial need for materials and inability without undue hardship to obtain the substantial equivalent of the materials by other means. Although not addressed by the parties and often overlooked by those seeking discovery of privileged materials, section (3)(e) is the proper vehicle to alleviate much of the bench's and bar's struggle over what investigations will be deemed in anticipation of litigation.

Similarly, under rule 26(b)(3) of the Federal Rules of Civil Procedure,[4] a party may obtain discovery of documents and tangible things prepared in anticipation of litigation upon a showing of both substantial need and an inability absent undue hardship to obtain the substantial equivalent from other means. This rule also directs the court to "protect against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party." The utilization of this rule in the federal courts has greatly furthered the purpose of discovery—to prevent trial by ambush. In Texas, the bar could be similarly well-served by utilizing section (3)(e) during discovery.

For the above reasons, we hold that the trial court's ruling should not have been disturbed and that the court of appeals abused its discretion by granting the City's writ and ordering the trial court to vacate its order. We conditionally grant Flores' petition for writ of mandamus. The writ will issue only if the court of appeals refuses to rescind its order.

GONZALEZ, J., files a dissenting opinion in which PHILLIPS, C.J., and COOK, J., join.

GONZALEZ, Justice, dissenting.

Ordinarily, I would agree with any decision of this court according greater deference to trial courts in pre-trial matters. *See e.g., Loftin v. Martin*, 776 S.W.2d 145 (Tex.1989) (Hecht, J., dissenting). How-

---

4. Rule 26(b)(3) states:
   (b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
   ....
   (3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclo-
   sure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
   A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.
   Fed.R.Civ.P. 26(b)(3).

ever, under the peculiar facts of this case, the court should not hide behind a false deference to judicial discretion, but should announce a simple rule which most parties can understand and follow. By failing to propound such a rule, the court has left both the bench and the bar adrift. In order to reduce the hemorrhaging of delay, uncertainty, and expense in this muddled area of the law, I·would adopt a bright line rule in cases where an agency determination must precede litigation and hold that the filing of a claim with the agency constitutes commencement of litigation. Because I agree with the court of appeals that litigation commenced when Flores filed his workers' compensation claim, I would deny the writ of mandamus.

George Flores appealed the Industrial Accident Board's (IAB) ruling of his workers' compensation claim in district court. He served his employer, the City of San Antonio, with interrogatories and a request for production seeking discovery of any investigations conducted by or on behalf of the City subsequent to Flores' injury. The trial court granted a motion for a protective order filed by the City regarding documents the City claimed were privileged, with the exception of one document entitled, "Pre–Hearing Conference Preliminary Report." The pre-hearing report had been prepared by a claims supervisor *after* Flores filed his workers' compensation claim to the IAB and it contained, among other things, information regarding the indemnity reserves.

The City successfully sought a writ of mandamus to the court of appeals to compel the trial court to vacate part of the order compelling discovery of the pre-hearing report. For the following reasons, I agree that the report was privileged information and therefore warranted the shield of a protective order.

The party communications privilege is embodied in Tex.R.Civ.P. 166b(3)(d), which provides:

3. Exemptions. The following matters are protected from disclosure by privilege:

d. *Party Communications.* With the exception of discoverable communications prepared by or for experts, and other discoverable communications, between agents or representatives or the · employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based, and in anticipation of the prosecution or defense of the claims made a part of the pending litigation. For the purpose of this paragraph, a photograph is not a communication.

It is undisputed that the report is a communication between representatives of the City and was prepared subsequent to Flores' injury which gave rise to this suit. However, there is a dispute as to whether the report was prepared in anticipation of litigation. This privilege protects "[o]nly information obtained by a party after there is good cause to believe a suit will be filed or after the institution of a lawsuit." *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801, 802 (Tex.1986); *see also Turbodyne Corp. v. Heard,* 720 S.W.2d 802, 804 (Tex.1986).[1]

Flores contends that the report is not privileged because it was made prior to his filing suit in district court, and therefore, was not in anticipation of litigation. The report was made after the workers' compensation claim was filed. Although the IAB is not a court, it nonetheless entertains formal adjudicative proceedings in which it performs quasi-judicial functions. *Vestal v. Texas Employers' Ins. Ass'n,* 285 S.W. 1041, 1044 (Tex. Comm'n App.1926, judgm't adopted); *Moore v. Means,* 549 S.W.2d 417, 418 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.). The IAB may order

---

**1.** This is not the first time this court has had difficulty in determining when a communication is made in connection with anticipation of litigation. We have been criticized, and rightfully so, that when there is a collision between two freight trains of different railroads resulting in serious injury or death, any "fool" would know that a suit would be filed. *Stringer* and *Turbodyne,* were per curiam opinions, and up to now, our court has not allowed dissents in per curiam opinions.

claimants to submit to physical examinations, subpoena witnesses, administer oaths, inquire into matters of fact and punish for contempt in the same manner and to the same degree as a district court. Tex. Rev.Civ.Stat.Ann. art. 8307, § 4 (Vernon Supp.1988). Therefore, in light of these functions, I agree with the court of appeals that the term "litigation" contemplated by Rule 166b(3)(d) should be read to encompass proceedings before the IAB. This conclusion is consistent with this court's recent holding in *State v. Thomas,* 766 S.W.2d 217, 219 (Tex.1989), wherein the court equated a "contested case" to being the same as an action "in the courts," thereby allowing the Attorney General to intervene under its constitutional authority to take action "in the courts." Thus, I would hold that the filing of a claim with the IAB constitutes the commencement of a lawsuit. Therefore, the pre-hearing report was privileged and it was not within the discretion of the trial court to order its production.

Also, the two-prong analysis suggested by the court is unworkable. How can a party establish or a trial court decide whether an investigation made prior to an IAB award was made "with good cause to believe" that the claim would later proceed to litigation? It is no longer enough for a party to establish this in his or her own state of mind with regards to another party's conduct, which was difficult enough. To succeed, a party must now not only demonstrate that it possessed clairvoyant knowledge of the IAB's future reaction to the claim and the parties response to that reaction (subjective approach), but it must also demonstrate how others in the same or similar circumstances would react to the claim (objective approach). I submit that today's decision requires litigants and judges to accomplish the impossible.

For the above reasons, I dissent.

PHILLIPS, C.J. and COOK, J., join in this dissenting opinion.