**IT CORPORATION, Relator,**

v.

**The Honorable Henry DALEHITE, Judge, Respondent.**

**No. D–3389.**

Supreme Court of Texas.

April 7, 1993.

George W. Vie, III, Galveston, for relator.

**192**

Ervin A. Apffel, Jr., Alvin, for respondent.

## OVERRULING MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

This case arose out of an accident that caused the death of an IT Corporation employee, J.J. Mansfield. The accident occurred on May 29, 1991. IT immediately began its investigation of the accident. In less than a month, on June 13, IT was notified by phone that Mansfield's widow had hired counsel to investigate the accident and to begin preparing to file suit against IT. Also on June 13, IT's accident review board completed a draft report of its investigation; the final report was completed five days later on June 18.

During discovery, Mansfield's widow requested production of the accident report and moved to compel production after IT claimed the report was privileged. The trial court ruled that no privilege applied to those documents prepared from May 29, the date of the accident, up to and including June 13, the date IT was notified by Mansfield that she was also investigating the accident in anticipation of litigation. Apparently in reliance on *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 40–41 (Tex.1989), the trial court ordered the June 13 draft of the accident report to be produced.

We believe that the trial court should have the opportunity to reconsider its order compelling production of the June 13 draft in light of our recent opinion in *National Tank Co. v. Brotherton*, 851 S.W.2d 193 (Tex.1993), which modified the *Flores* test for determining whether a post-accident investigation was conducted in anticipation of litigation. Accordingly, for the foregoing reason, the motion for leave to file petition for writ of mandamus is overruled without prejudice to allow the trial court to reconsider its order in light of *National Tank*. The stay order issued by this Court remains in effect only so long as necessary to allow the trial court to act. The trial court may in its discretion lift the stay when it deems appropriate.