NO. 12-01-00308-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


SUSAN CLEARY,
§
 APPEAL FROM THE 162ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


DR. ROD ROHRICH,

APPELLEE
§
 DALLAS COUNTY, TEXAS

 

 Appellant Susan Cleary filed suit against Dr. Rod Rohrich for causing a burn to her forehead
during a surgical procedure. The trial court dismissed Cleary's suit for failure to provide a
satisfactory expert report as required by the Medical Liability and Insurance Improvement Act. In
one issue, Cleary complains of the trial court's dismissal. We affirm.

 Cleary filed her original petition wherein she alleged medical malpractice arising out of an
endoscopic brow lift performed by Rohrich at the Dallas Day Surgery Center. Cleary provided an
expert report in the form of a letter from a Dr. Michael Peters, along with the doctor's curriculum
vitae. Rohrich filed a motion to dismiss based upon insufficiency of the expert report, which the trial
court granted. This appeal followed.

 In her sole issue, Cleary complains that the trial court erred in granting Rohrich's motion to
dismiss. Medical malpractice plaintiffs must provide each defendant physician and health care
provider an expert report with the expert's curriculum vitae, or they must voluntarily nonsuit the
action. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp.2001); American
Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001). The expert
report must provide "a fair summary of the expert's opinions as of the date of the report regarding
applicable standards of care, the manner in which the care rendered by the physician or health care
provider failed to meet the standards, and the causal relationship between that failure and the injury,
harm, or damages claimed." Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(r)(6). If a plaintiff
timely files an expert report and the defendant moves to dismiss because of the report's inadequacy,
the trial court must grant the motion "only if it appears to the court, after hearing, that the report does
not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6)
of this section." Id. at § 13.01(l).

 The supreme court recently discussed the Act's expert report requirement for medical
malpractice cases. See Palacios, 46 S.W.3d at 877-80. In Palacios, the court explained that, when
considering a motion to dismiss under section 13.01(l), "the issue for the trial court is whether the
report represents a good-faith effort to comply with the statutory definition of an expert report." Id.
at 878. To constitute a "good-faith effort," the report must provide enough information to fulfill two
purposes: (1) it must inform the defendant of the specific conduct the plaintiff has called into
question, and (2) it must provide a basis for the trial court to conclude that the claims have merit. 
Id. at 879. The trial court should look no further than the report itself, because all the information
relevant to the inquiry is contained within the document's four corners. Id. at 878. The report need
not marshal all the plaintiff's proof, but it must include the expert's opinion on each of the three
elements that the Act identifies: standard of care, breach, and causal relationship. Id. A report
cannot merely state the expert's conclusions about these elements. Id. at 879. "Rather, the expert
must explain the basis of his statements to link his conclusions to the facts." Earle v. Ratliff, 998
S.W.2d 882, 890 (Tex. 1999).

 We review a trial court's order dismissing a claim for failure to comply with section
13.01(d)'s expert report requirements under an abuse-of-discretion standard. Palacios, 46 S.W.3d
at 878. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action. Instead, it is a question of whether the trial
court acted without reference to any guiding rules and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). A mere error of judgment does not amount
to an abuse of discretion. Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989). In other words, we
must determine whether the court's rulings were arbitrary or unreasonable. Downer, 701 S.W.2d
at 242. The fact that a trial judge may decide a matter within his or her discretion in a different
manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of
discretion has occurred. Id. A court of appeals may not substitute its own judgment for the trial
court's judgment. See Flores v. Fourth Ct. of Appeals, 777 S.W.2d 38, 41 (Tex. 1989). 

 Dr. Peters' letter states in full:


 I am a board-certified plastic surgeon and have been in practice in San Diego for 26 years. I am
enclosing my curriculum vitae. I am familiar with endoscopic and conventional brow lift techniques
along with the most common complications that might occur.


 I have reviewed the records of Dr. Rod Rohrich, along with photographs and documents supplied by
Ms. Susan Cleary. I have also consulted with Ms. Cleary over the phone. Based on this information,
it is my opinion that Ms. Cleary's forehead scar was an unintended injury sustained during the
endoscopic brow lift. The probable cause of such an injury is a burn of some type. This could have
been caused by the electrocautery, if one was used, or the heat from the bright light source, which is
used to illuminate the subcutaneous tissue. Since this seems to be an inadvertant (sic) injury rather
than a complication of her surgery, this, in my opinion, would fall below the standard of care in the
plastic surgery community.


 The standard of care in all surgical procedures, including the endoscopic and standard brow lifts,
include adequate preoperative diagnosis and preparation along with interoperative skill. It is the
responsibility of physicians to treat the condition or illness of the patient to the best of his ability, and
in the course of his therapy render no harm to the patient. In standard and endoscopic brow lifts
knowledge of the anatomy and, especially in the endoscopic brow lift, mastery of the instrumentation
is crucial. In this case I think Ms. Cleary suffered a burned (sic) in one of the two ways mentioned
above. If I may be of further assistance in this case, please don't hesitate to let me know. 



 The first requirement of an expert report is to fairly summarize the standard of care. Dr.
Peters' statement of the standard of care is found in the last paragraph of his letter. He states a
general proposition that in all surgical procedures, there must be a proper diagnosis and preparation
for surgery, along with interoperative skill. He further opines that a surgeon is to treat the condition
of the patient to "the best of his ability," and to "render no harm." Dr. Peters does not tell us what
exactly the standard of care is for a plastic surgeon performing a brow lift. For example, Dr. Peters'
letter could have explained to the trial court what constitutes the proper use of an electrocautery, or
how far from the skin the doctor should have placed the bright light source. Because it does not do
so, the doctor's "report" wholly fails to provide a basis for the trial court to conclude that Cleary's
claims have merit. A trial court cannot determine if a duty has been breached if it does not know
what that duty is. Consequently, the trial court in this case did not abuse its discretion when it
dismissed Cleary's suit for failure to comply with § 13.01(r)(6).

 Because Dr. Peters' letter fails to delineate the precise standard of care for a surgeon
performing a brow lift procedure, we need not determine if it satisfies the other requirements of an
expert report. We overrule Cleary's sole issue and affirm the judgment of the trial court.



 JIM WORTHEN 

 Justice




Opinion delivered July 31, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




























(DO NOT PUBLISH)