Opinion issued March 3, 2005



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00171-CV




LONNIE BELL, DANIEL DAVIS, NIECY DAVIS, KENNETH GREGORY
JR., JIMMY HARGROVE, ELBA HILDAGO, RAYMOND LEVAN, ANN
MOTTON, ALFRED H. PHILLIPS, ELIJAH SIMIEN, MARY SIMIEN, TIA
BAILEY, JACKIE BROWN, MICHAEL BROWN, AKEITERRA HOPSON,
I’ESHIA MCALPIN, JUSTIN MCALPIN, CHLOEDELL MERCER,
HORACIO MOLINA, EMILY MOORE, RENNY REYNOLDS,
TOKESHISHA SIMIEN, AND KEVIN WHITTAKER JR., Appellants

V.

EXXONMOBIL CORPORATION D/B/A
EXXONMOBIL CHEMICAL COMPANY, Appellee




On Appeal from the 215th District Court 
Harris County, Texas
Trial Court Cause No. 2002-03218A




MEMORANDUM OPINION
          Lonnie Bell, Daniel Davis, Niecy Davis, Kenneth Gregory Jr., Jimmy
Hargrove, Elba Hildago, Raymond LeVan, Ann Motton, Alfred H. Phillips, Elijah
Simien, Mary Simien, Tia Bailey, Jackie Brown, Michael Brown, Akeiterra Hopson,
I’eshia McAlpin, Justin McAlpin, Chloedell Mercer, Horacio Molina, Emily Moore,
Renny Reynolds, Tokeshisha Simien, and Kevin Whittaker Jr. (“appellants”) appeal
from an order dismissing their claims against ExxonMobil Corporation d/b/a
ExxonMobil Chemical Company (“appellee”) with prejudice for failure to conform
to a pre-trial case management order (“Lone Pine order”)


 requiring them to file
affidavits of personal injury and property damage within a 120-day period. We
determine whether the trial court’s dismissal of appellants’ cases constitutes an abuse
of discretion by unfairly or unjustly sanctioning the appellants for their failure to
comply with the order. We affirm.
Factual History
          Between July 17 and July 30, 2000, the ExxonMobil plant in Baytown, Texas
suffered an explosion and a chemical release. In early 2001, 71 plaintiffs filed suit
in the 215th District Court against appellee. The court, on motion from appellee,
entered Case Management Order #1 (the Lone Pine order) requiring plaintiffs to
present expert affidavits as to their personal injury and property damage. In
December 2001, all plaintiffs non-suited their claims, thereby avoiding compliance
with the Lone Pine order. Six and a half weeks later, 50 of these same plaintiffs re-filed an identical suit in the 189th District Court. The court transferred this new
action back to the 215th District Court. Appellee moved for dismissal based on non-compliance with the Lone Pine order.
          Rather than dismissing the claims, the court, on July 28, 2002, signed a nearly-identical second Lone Pine order. As had the first, the second Lone Pine order
required that each plaintiff file an expert report detailing the manner and duration of
the exposure the plaintiff had experienced, the chemicals to which the plaintiff was
exposed, and, to a reasonable medical probability, the injury sustained because of that
exposure. It also required expert affidavits detailing the location of the property
damage claimed in the plaintiffs’ petition, the amount of economic injury, and the
causative link between the chemical exposure and the damage. The order gave
plaintiffs 30 days in which to comply. The order further provided that “the failure of
any plaintiff to file with the Court and serve on all counsel of record the affidavits
required by this Order . . . may result in the dismissal with prejudice of that portion
(personal injury or property damage or both) of his or her claims in this case.” The
order gave appellee 30 days from its receipt of any affidavits to object to any failure
to comply with the order and further provided that “the Court will review said
affidavits and should the Court agree that said affidavits do not fully comply, such
failure shall result in the dismissal with prejudice of that portion . . . of his or her
claim.” Plaintiffs made no objection to the Lone Pine order. 
          At conferences on September 30 and October 2, 2002, the trial court heard
argument on appellee’s second motion to dismiss for plaintiffs’ failure to comply with
the Lone Pine order. The plaintiffs made their first objection to the Lone Pine order
on October 1st. On October 8th, the trial court dismissed all plaintiffs’ claims, but
offered to reinstate the claims of any plaintiffs who complied with the Lone Pine
order by November 7, 2002. 
          Twenty-seven plaintiffs complied, and the court reinstated their claims. 
Appellants made no real attempt to comply and offered no explanation for their
failure.


 Appellants moved to sever their claims from the reinstated claims. The trial
court granted the severance on February 12, 2004, making the October 8, 2002
dismissal final with respect to all of appellants’ claims. 
Discussion
          Appellants complain in two issues that (1) the trial court lacked the authority
to issue the Lone Pine order and (2) in the alternative, the court erred in dismissing
the claims of the appellants because such a “death penalty” sanction is unjust,
unnecessary, and improper in the circumstances of this case. 
A.      Court’s Authority for Order
          In their first issue, appellants complain that the trial court lacked authority to
issue a Lone Pine order under Texas law. Appellants argue that the Lone Pine order
imposes an onerous, impossible burden on them. 
          Even if appellants preserved this complaint by filing their objection to the order
more than two months after their affidavits were due under the order, they have
waived the complaint because they cite no authority to support their contention. See
RE/MAX of Texas, Inc. v. Katar Corp., 961 S.W.2d 324, 328 (Tex. App.—Houston
[1st Dist.] 1997, pet. denied) (concluding that appellant’s failure to make argument,
cite authority, or refer to record in support of contention resulted in nothing for court
to review).


 
          Because appellants have waived their first issue, we have nothing to review.
B.      Dismissal for Non-Compliance
          In their second issue, appellants argue that the penalty imposed by the trial
court for failure to comply with the Lone Pine order exceeded the discretionary power
of the court and represented unfair, unjust, and excessive sanctions. 
          Imposition of sanctions for abuse of the discovery process are reviewed under
an abuse of discretion standard. Koslow’s v. Mackie, 796 S.W.2d 700, 704 (Tex. 
1990). A trial court abuses its discretion if it acts in an arbitrary or unreasonable
manner without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing matters
committed to the trial court’s discretion, a court of appeals may not substitute its own
judgment for the trial court’s judgment. Flores v. Fourth Ct. of Appeals, 777 S.W.2d
38, 41 (Tex. 1989). Sanctions imposed for abuse of discovery must meet a two-pronged test: they must be directly related to the offensive conduct and they must be
no more severe than necessary to satisfy the court’s legitimate purposes. 
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). 
Discovery sanctions cannot be used to adjudicate the merits of a party’s claims unless
a party’s hindrance of the discovery process justifies a presumption that its claims
lack merit. Id. at 918. 
          Appellants rely on Williams v. Akzo Nobel Chemical, Inc., 999 S.W.2d 836
(Tex. App.—Tyler 1999, no writ), to support their argument that the trial court’s
dismissal of the causes of action for 23 appellants was not directly related to the
offensive conduct and was more severe than necessary. In Williams, the trial court
issued a case management order, requiring each plaintiff to submit affidavits with
detailed information regarding his or her claim. Id. at 841. The plaintiffs argued that
they needed additional information from the defendants to comply with the order and
that they could not get such information because the trial court had stayed regular
discovery. Id. The trial court dismissed the plaintiffs’ claims. Id. 
          The court of appeals reversed, concluding that neither prong of the
TransAmerican test had been met. Id. The court of appeals reasoned that, at the
hearing on the plaintiffs’ motion to reconsider the dismissal, no evidence was
presented, and the trial court made no attempt to determine whether the failure to
comply was the fault of the parties, the attorneys, or both; thus, the trial court could
not make a determination regarding whether there was a direct relationship between
the failure to comply with the order and the dismissal. Id. at 843. Furthermore, the
trial court had not made use of any lesser sanctions listed in rule 215 of the Texas
Rules of Civil Procedure, and the court of appeals did not consider the case to be one
in which death penalty sanctions should be imposed in the first instance. Id. at 844. 
Moreover, the court of appeals noted that the plaintiffs had not refused to comply
with the order; they simply asserted that they needed more information from the
defendants and more time for their response. Id. at 845. The court of appeals,
concluding that the trial court was not justified in dismissing the causes, reversed the
trial court’s judgment. Id. 
          The present case is clearly distinguishable from Williams. Appellants
dismissed their first lawsuit and refiled it in another court in an attempt to avoid the
first Lone Pine order. When their second suit was transferred to the original trial
court and a second Lone Pine order was issued, they did not object, but made no real
effort to comply with the order.


 Affidavits by a physician were filed on behalf of 37
plaintiffs. No physicians’ affidavits were filed on behalf of 13 plaintiffs and no
affidavits on behalf of any plaintiffs were filed to establish property damage. 
          At the hearing on appellee’s motion to dismiss, the trial court ruled that these
affidavits did not comply with its order because they did not address the manner or
duration of each chemical exposure, did not say what substances each plaintiff was
exposed to, and did not say what tests were performed or what treatment was
provided for each plaintiff. The trial court noted that the order apprised the plaintiffs
that, if they did not comply with the order, their cases would be dismissed. The court
announced its decision to enforce the order by dismissing the suits, but said it would
afford the plaintiffs the opportunity to reinstate them by complying with the order
within 30 days. Twenty-seven plaintiffs filed complying medical affidavits and had
their personal injury claims reinstated. Appellants herein did not file any affidavits
after the order dismissing their suits. We hold that, because appellants had fair notice
under the order that noncompliance would result in dismissal, the dismissal was
directly related to the failure to comply, and the first prong of Williams has been met. 
          Moreover, unlike the plaintiffs in Williams, appellants in this case have, by
their actions, refused to comply with the court’s order in spite of being given multiple
opportunities to do so. Appellants did not object timely to the order, seek any
amendments, or offer any reasons why they could not comply. On appeal, appellants
state that the 13 appellants who filed no medical affidavit did not see a doctor. But
in their petition, appellants alleged, “Because of the nature and severity of the
injuries, Plaintiffs have required medical care and treatment . . . .” In addition, 12
appellants who apparently sought some medical care did not file medical affidavits
to provide the information required by the Lone Pine order. Under these
circumstances, appellants’ failure to comply with the Lone Pine order clearly justifies
the presumption that their claims lack merit. 
          The trial court’s dismissal of appellants’ lawsuit was not a “dismissal in the
first instance.” Although the trial court did not impose any lesser sanctions,
appellants, over a 15-month period of time, had multiple opportunities to comply with
the order. Instead, appellants first non-suited their initial lawsuit and refiled it in an
attempt to avoid the order. When the second order was issued, appellants first
responded by filing affidavits that did not comply with the order. When appellee’s
challenge to those affidavits were sustained by the trial court, appellants did not file
any affidavits, choosing instead to challenge the trial court’s enforcement of its order. 
          We hold that, in light of appellants’ many opportunities to comply with the
court’s order and their refusal to do so, even when given the opportunity to comply
after the dismissal order was signed, the dismissal was not more severe than
necessary to satisfy the court’s legitimate purposes. We further hold that the second
prong of the TransAmerican test has been satisfied.
          We overrule appellants’ second issue.


 
Conclusion
          We affirm the judgment of the trial court.  
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.