IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00138-CV

 

Dr. Lucia Williams,

                                                                                    Appellant

 v.

 

Brenda Mora,

                                                                                    Appellee

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 28569-A

 



O p i n i o n










 

            Brenda Mora filed suit against Dr.
Lucia Williams alleging that Williams negligently sutured her left ureter
closed during a hysterectomy in 2003 which then caused damage to and
necessitated the removal of Mora’s left kidney.  After receiving Mora’s expert
report, Williams moved for a dismissal of the suit pursuant to section
74.351(b) of the Texas Civil Practice and Remedies Code.  The trial court
denied the motion.  Williams appeals.  Because the trial court did not abuse
its discretion in denying Williams’s motion to dismiss, the trial court’s judgment
is affirmed.

            In one issue, Williams seems to argue
that the trial court erred because Mora’s expert report is 1) speculative, 2)
conclusory, 3) fails to identify acts of “deviation from the standard of care
and negligence,” and 4) fails to provide sufficient information on causation. 
Mora argues that in reviewing the entire report, the report is not
speculative.  She further argues that any other objection to the report made by
Williams is waived because these objections were made later than the 21st day
after the date the expert report was served.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a) (Vernon Supp. 2008).  

Waiver

            We address Mora’s waiver argument
first.  Section 74.351(a) provides in pertinent part, that “[e]ach defendant
physician … whose conduct is implicated in a report must file and serve any
objection to the sufficiency of the report not later than the 21st day after
the date it was served, failing which all objections are waived.” 
 Id.  (Emphasis added).             Williams’s initial and only timely
objection to the expert report was that in two places, the expert’s use of
“could have” to describe the causal connection between the breach of the
standard of care and the damages or injury to Mora was speculative.  This
objection was raised in Williams’s motion to dismiss which was filed and served
20 days after the expert report was filed and served.  Williams did not raise
any other objection at that time.  Specifically, Williams did not object that
the report was conclusory until she filed a reply to Mora’s response to
Williams’s motion to dismiss.  Williams’s remaining two complaints were not
raised until this appeal, long after the 21 day limitation had expired.  

            We agree with Mora that Williams
waived any objection to the report other than the objection that two statements
were speculative.  Because of the particular fact pattern of this appeal, this
appears to be a case of first impression.  We have found no cases which address
a waiver of objections when additional objections were not made within the 21
day period.  We hold that the plain language of the statute means what it
says:  all objections to the sufficiency of the expert report not filed and
served by the 21st day after the date the expert report is served are waived.  

            Accordingly we only address the
objection as to the speculative statements and do not address the additional
objections raised by Williams.

Sufficiency of
Report-Speculative

            When considering a motion to dismiss
under Section 74.351, the issue for the trial court is whether the report
represents a good-faith effort to comply with the statutory definition of an
expert report.  See Bowie Mem'l Hosp. v. Wright, 79 S.W.3d
48, 52 (Tex. 2002); American Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  An “expert report” means:

A written report by an expert that provides a fair
summary of the expert’s opinions as of the date of the report regarding the
applicable standards of care, the manner in which the care rendered by the
physician or health care provider failed to meet the standards and the causal
relationship between that failure and the injury, harm, or damages claimed.  

 

Tex. Civ.
Prac. & Rem. Code Ann. §
74.351(r)(6) (Vernon Supp. 2008).  To constitute a "good-faith
effort," the report must discuss the standard of care, breach, and
causation with sufficient specificity to fulfill two purposes: (1) to inform
the defendant of the specific conduct the plaintiff has called into question;
and (2) to provide a basis for the trial court to conclude that the claims have
merit.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 879.

            The trial court should look no further
than the report itself, because all the information relevant to the inquiry is
contained within the document's four corners.  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.  The report must include the expert's opinion on each of the
three elements that the statute identifies: standard of care, breach, and
causal relationship.  Bowie, 79 S.W.3d at 52; Palacios, 46 S.W.3d
at 878.  The expert must explain the basis of his statements to link his
conclusions to the facts.  Earle v. Ratliff, 998 S.W.2d 882, 890 (Tex. 1999).

            We review a trial court's order
dismissing a claim for failure to comply with the expert report requirements
under an abuse-of-discretion standard.  Bowie, 79 S.W.3d at 52; Palacios,
46 S.W.3d at 878.  When reviewing matters committed to the trial court's
discretion, we may not substitute our own judgment for the trial court's
judgment.  See Flores v. Fourth Ct. of Appeals, 777 S.W.2d 38, 41 (Tex. 1989).

            In her motion to dismiss and at the
hearing, Williams argued that the lawsuit should be dismissed because Mora’s
expert used the speculative phrase “could have” which allegedly failed to
provide the causal connection between the alleged negligence and the alleged
injuries.  Appellee agrees on appeal, as she did in the trial court, that the
use of the phrase “could have” was “sloppy.”  However, she points to other
portions of the report that provide unequivocal, non-speculative, statements
relating to causation.  In reviewing the report, we agree that there are other
sufficient statements that provide the causal connection between the alleged
negligence and the alleged injuries.  Thus, the trial court did not abuse its
discretion in denying Williams’s motion to dismiss.

            Williams’s sole issue is overruled,
and the trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed August 13, 2008

[CV06]