

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00146-CV

**HAROLD BRUCE HAMILTON, M.D.**
**AND TEXAS NEUROLOGICAL &**
**PAIN INSTITUTE, P.A.,**

                                                                **Appellants**

 **v.**

**TIMOTHY DURGIN,**

                                                                **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2007-3898-1

## MEMORANDUM OPINION

Timothy Durgin filed suit against Dr. Harold Bruce Hamilton and Texas Neurological & Pain Institute, P.A., alleging that the defendants were negligent in the performance of lumbar fusion surgery on him, which resulted in a post-operative infection leading to an infection of his bones. After receiving Durgin's expert report, the defendants moved for a dismissal of the suit pursuant to section 74.351(b) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)

(Vernon 2008). The trial court denied the motion, and the defendants appealed. *Id*. § 51.014(9) (Vernon 2008). Finding that the trial court did not abuse its discretion in denying the motion to dismiss, we affirm its order.

## THE ISSUES

The defendants argue that the trial court abused its discretion because Durgin's expert reports: 1) with respect to claim 1, negligence in performing the surgery, fail to link the surgery performed by defendants with any specific injury suffered by Durgin, *i.e.*, a "causation" question; 2) with respect to claim 2, negligence in providing post-surgical care, do not rely on the hospital's records and are thus speculative concerning a breach of the standard of care and fail to link the care with any injury Durgin suffered; and 3) with respect to claim 3, negligence in treating the post-operative infection, do not rely on the hospital's records so as to have an accurate factual basis for the opinion concerning a breach of the standard of care and fail to link the care with any injury Durgin suffered. Durgin argues that the trial judge did not abuse his discretion because the reports were adequate to meet the requirements of chapter 74 of the Civil Practice and Remedies Code. *See id*. § 74.351(r)(6) (Vernon 2008).

## SUFFICIENCY OF THE REPORTS

When considering a motion to dismiss under Section 74.351, the issue for the trial court is whether the report represents a good-faith effort to comply with the statutory definition of an expert report. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002); *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). An "expert report" means:

> A written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards and the causal relationship between that failure and the injury, harm, or damages claimed.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). To constitute a "good-faith effort," the report must discuss the standard of care, breach, and causation with sufficient specificity to fulfill two purposes: (1) to inform the defendant of the specific conduct the plaintiff has called into question; and (2) to provide a basis for the trial court to conclude that the claims have merit. *Bowie*, 79 S.W.3d at 52; *Palacios,* 46 S.W.3d at 879.

The trial court should look no further than the report itself, because all the information relevant to the inquiry is contained within the document's four corners. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. The report must include the expert's opinion on each of the three elements that the statute identifies: standard of care, breach, and causal relationship. *Id.*

Although an expert report need not marshal all the plaintiff's proof, the expert may not merely state conclusions about the required elements of standard of care, breach, and causation. *Bowie*, 79 S.W.3d at 52. Rather, an expert must explain the basis of his opinions and link his conclusions to the facts. *Id.* (citing *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)).

We review a trial court's order on a motion to dismiss a claim for failure to comply with the expert report requirements under an abuse-of-discretion standard. *Bowie*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for the trial

court's judgment. *See Flores v. Fourth Ct. of Appeals*, 777 S.W.2d 38, 41 (Tex. 1989), *modified on other grounds by National Tank Co. v. Brotherton*, 851 S.W.2d 193 (Tex. 1993).

The defendants essentially argue the merits of Durgin's claim, relying on documents and information outside of the reports. After reviewing the reports, we agree with Durgin that the trial court was justified in finding that they discuss the standard of care, breach, and causation with sufficient specificity to fulfill the two required purposes: (1) inform the defendants of the specific conduct the plaintiff has called into question; and (2) provide a basis for the trial court to conclude that the claims have merit. *Bowie*, 79 S.W.3d at 52; *Palacios,* 46 S.W.3d at 879. Thus, the trial court did not abuse its discretion in denying the defendants' motion to dismiss.[1]

Appellants' issues are overruled, and the trial court's order is affirmed.

BILL VANCE
Justice

Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
Affirmed
Opinion delivered and filed November 5, 2008
[CV06]

---

[1] Our conclusion would be the same if we did a de novo review of the expert reports, as we suggested may be proper in *Wooten v. Samlowski*, ___ S.W.3d ___, ___ n.1, 2008 WL 2133072 at *1 n.1 (Tex. App.—Waco May 21, 2008, pet. filed).