Opinion issued March 5, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00792-CV

_____

**EUGENIA WOODARD, Appellant**

**V.**

**FORTRESS INSURANCE COMPANY AND RONNIE ELMORE, D.D.S.,**
**Appellees**

---

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2014-09985

---

## MEMORANDUM OPINION

Appellant, Eugenia Woodard, filed suit against appellees, Ronnie Elmore, D.D.S. and Fortress Insurance Company, alleging injuries following some dental work. Fortress Insurance obtained a summary judgment in its favor. Dr. Elmore obtained a dismissal of the claims against him based on Woodard's failure to file

an expert's report. In her pro se brief on appeal, Woodard complains about the injuries she alleges Dr. Elmore caused her and his refusal to submit to alternative dispute resolution. We treat this as a challenge to the propriety of the order dismissing the claims again Dr. Elmore.[1]

We affirm.

## Background

Dr. Elmore performed some dental work on Woodard. Some time later, Woodard filed suit against Dr. Elmore and Fortress Insurance, alleging injuries resulting from the dental work. Both defendants answered the suit. One hundred twenty-three days after he answered the suit, Dr. Elmore filed a motion to dismiss due to Woodard's failure to file an expert report. The trial court granted the motion to dismiss.

## Standard of Review

This appeal concerns dismissal of Woodard's claims against Dr. Elmore due to Woodard's failure to file an expert report pursuant to Chapter 74 of the Texas Civil Practices and Remedies Code, the Health Care Liability Act. We review the

---

[1]   Woodard does not make any direct complaints about Fortress Insurance in her pro se brief. As a result, we do not construe her brief to raise an issue against Fortress Insurance. Although we liberally construe pro se pleadings and briefs, we nonetheless require pro se litigants to comply with applicable laws and rules of procedure. *See* TEX. R. APP. P. 38.1(i) (requiring briefs to contain clear and concise argument for contentions made); *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (holding pro se litigants are not exempt from rules of procedure).

trial court's ruling in such cases for an abuse of discretion. *Bowie Mem'l. Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001)). A court abuses its discretion if it acts without reference to any guiding rules or principles. *Wright*, 79 S.W.3d at 52 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). When reviewing matters committed to the trial court's discretion, we may not substitute our judgment for the trial court's judgment. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003) (citing *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41 (Tex. 1989)). Our analysis of an expert's qualifications is limited to the four corners of the expert's report and the curriculum vitae. *Palacios*, 46 S.W.3d at 878.

## Analysis

In a health-care-liability claim, a plaintiff must serve a defendant with an expert report, along with the curriculum vitae of each expert listed in the report, no later than 120 days after the defendant files its answer. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2014). If the plaintiff fails to serve an expert report for the defendant, the court, on the defendant's motion, must dismiss with prejudice all claims brought against that defendant by that plaintiff. *Id.* § 74.351(b)(2).

The record reflects that Woodard did not file any expert report. After 120 days passed, Dr. Elmore filed a motion to dismiss. Accordingly, the trial court was required to dismiss Woodard's claims against Dr. Elmore. *See id.* We overrule Woodard's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.