

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00081-CV

IN RE PARIS INDEPENDENT SCHOOL DISTRICT, ET AL.

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

On July 29, 2021, Governor Greg Abbott issued Executive Order GA-38, which stated, "No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering . . . ." Following the issuance of Executive Order GA-38, the Paris Independent School District, along with its board of trustees, Superintendent Paul Jones in his official capacity, and several trustees of the school district in their official capacities[1] (collectively PISD) imposed a mask mandate on all students, teachers, and staff members at all of the PISD's campuses.[2] On September 10, 2021, the State of Texas[3] (the State) filed a verified original petition and applications for temporary and permanent injunctive relief, seeking, among other things, a declaration that PISD's facemask order was invalid and unlawful. The State also asked for injunctive relief that would prohibit the enforcement of PISD's mask mandate. On September 13, 2021, the Honorable R. Wesley Tidwell, presiding judge of the 6th Judicial District Court of Lamar County[4] (the trial court) entered an order granting the State's application for a temporary restraining order, and on September 21, following an evidentiary hearing, the trial court granted the State's request for a temporary injunction.

---

[1]The relators.

[2]The mask mandate was included in the school district's revised dress code and stated, "For health reasons masks are currently required for all employees and students to mitigate flu, cold, pandemic, and any other communicable diseases."

[3]The real party in interest.

[4]The respondent.

2

On September 30, 2021, PISD filed a petition for a writ of mandamus, maintaining that the trial court clearly abused its discretion (1) by permitting the State to file suit, appear, and prosecute without legal authority and/or standing, leaving the court without jurisdiction; (2) by entering an ex parte temporary restraining order without notice, without hearing, and without explanation as to why it was issued without notice to PISD or why the alleged harm being addressed was irreparable; and (3) by issuing a temporary injunction that violated state law and the exclusive authority of the elected public officials of PISD. For those reasons, PISD asks this Court to grant its petition for a writ of mandamus and either vacate or reverse the district court's temporary restraining order and temporary injunction and/or dismiss the underlying suit with prejudice.

Mandamus will issue only to correct a clear abuse of discretion and only when there is no adequate remedy by appeal. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) (citing *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (per curiam) (orig. proceeding)); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding), *disapproved of by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding)). "With respect to resolution of factual issues or matters committed to the trial court's discretion, for example, the reviewing court may not substitute its judgment for that of the trial court." *Id.* at 839–40 (citing *Flores v.*

3

*Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex. 1989) (orig. proceeding) ("holding that determination of discoverability under TEX. R. CIV. P. 166b(3)(d) was within discretion of the trial court")).

"It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *In re Long*, 607 S.W.3d at 446 (quoting *In re Henderson*, 2015 WL 13522812, at *2) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). In addition, an appendix to the petition must contain, among other things, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ." TEX. R. APP. P. 52.3(k)(1)(A). "'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op., not designated for publication) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding))).

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d at 445–46 (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.))). In this case, although PISD attached an appendix to its petition and a conforming affidavit, it failed to include the trial

4

court's order granting the State's application for temporary injunction,[5] the very order of which it complains.[6]

Because PISD has failed to comply with Rule 52, we must deny its petition for a writ of mandamus.

Scott E. Stevens
Justice

Date Submitted:     October 18, 2021
Date Decided:       October 19, 2021

---

[5]Moreover, although PISD refers to its motion to show authority in its mandamus petition, it did not include the motion in its appendix.

[6]In its response to PISD's petition, the State included in its appendix a copy of the trial court's order granting the State's application for a temporary injunction. Yet, the State did not provide the Court with a properly prepared affidavit, which was made by an individual with personal knowledge, verifying that the attached document was a true and correct copy of the original order. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Consequently, this Court cannot consider the proffered order as a part of the record in this matter.